**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| BOBBY L WASHINGTON, | CASE NO. 1:22-CV-01386 |
| Petitioner, | DISTRICT JUDGE PAMELA A. BARKER |
| vs. | MAGISTRATE JUDGE AMANDA M. KNAPP |
| LAKE ERIE CORRECTIONAL INSTITUTION, | **REPORT & RECOMMENDATION** |
| Respondent. | |

Petitioner Bobby L. Washington ("Petitioner" or "Mr. Washington") acting pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  (ECF Doc. 1 ("Petition").)  On November 29, 2022, the undersigned determined that the Petition was inappropriately characterized as a petition pursuant to 28 U.S.C. § 2241 and recharacterized it as a petition pursuant to 28 U.S.C. § 2254.  (ECF Doc. 8.)

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2.  For the reasons set forth below, the undersigned recommends that the Court **DISMISS** the Petition as moot.

## I.    Procedural History

In the Petition, Mr. Washington challenged the legality of his sentence extension due to parole violations.  (ECF Doc. 1.)  Respondent Lake Erie Correctional Institution ("Respondent") filed a Return of Writ.  (ECF Doc. 14.)  Mr. Washington filed a Traverse and two supplements to the Traverse.  (ECF Docs. 12, 15, & 17.)  Also pending before the Court are two motions filed by

1

Petitioner, a "Motion for Judgement and/or Motion for Direct Relief" (ECF Doc. 21) and a "Motion for Direct Judgment" (ECF Doc. 22).

A review of the record revealed that Petitioner may have been released from state custody in July 2024. (ECF Doc. 14-1, p. 530 (stating that Petitioner's maximum date for serving his sentence was July 2, 2024).) Because the docket was not clear as to Mr. Washington's status, on October 17, 2024, the undersigned issued an order requiring Respondent to file a notice advising the Court as to Petitioner's status and requiring Petitioner to show cause, on or before November 15, 2024, why the Petition should not be dismissed as moot. (ECF Doc. 23.)

Pursuant to that order, Respondent filed a Notice of Petitioner's Status, advising the Court that Mr. Washington "served his maximum sentence and was released from custody on July 2, 2024" with no further supervision from the state of Ohio. (ECF Doc. 24, p. 1.) The Court thereafter sent a copy of its October 17, 2024 order to Mr. Washington's new address as provided by Respondent. Petitioner has not submitted any filings showing cause as to why his Petition should not be dismissed as moot.

## II.     Discussion

### A.     The Petition

"Article III, Section 2 of the United States Constitution authorizes the federal judiciary only to hear cases or controversies[.]" *Gentry v. Deuth*, 456 F.3d 687, 693 (6th Cir. 2006). Thus, "federal courts may not exercise jurisdiction when the controversy has been mooted, that is to say, when the 'issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Id*. (quoting *Los Angeles County v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969))). In the habeas context, once a petitioner's sentence has expired, "some concrete and continuing injury other than the now-

2

ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).

When a habeas petition attacks an underlying conviction, the Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences," so that the petition is not mooted by the petitioner's release from custody. *Id.* at 8; *see also Gentry*, 456 F.3d at 694–95. However, that presumption does not apply where the habeas petition challenges only the petitioner's sentence and not his conviction. *Spencer*, 523 U.S. at 12–14 (citing *Lane v. Williams,* 455 U.S. 624, 631 (1982)). In such circumstances, the petitioner can avoid a mootness finding only if he demonstrates "collateral consequences" stemming from the alleged sentencing violation. *Id.* at 14–16; *see Witzke v. Brewer*, 849 F.3d 338, 341 (6th Cir. 2017) (finding a petitioner who disputes a parole revocation but has completed that term of reincarceration "must demonstrate collateral consequences stemming from the revocation or else face dismissal of his claims").

Here, as reflected in Respondent's Notice of Petitioner's Status, Mr. Washington is no longer detained by the state of Ohio. (ECF Doc. 24.) In the Petition and supplemental brief, Mr. Washington solely challenged the Ohio Adult Parole Authority's extension of his sentence due to allegedly inaccurate computations of his "lost time" under Ohio sentencing and parole laws. (ECF Doc. 1, pp. 2-5; ECF Doc. 3.) He did not claim that any "collateral consequences" resulted from this alleged extension of his sentence (*see* ECF Docs. 1, 3, 12 ,15, 17), and he did not file any submissions explaining why his petition should not be dismissed as moot. (*See* ECF Doc. 23 (ordering Petitioner to show cause why his Petition should not be dismissed).) Accordingly, the undersigned recommends that the Court **DISMISS** the Petition as moot. *See e.g.*, *United States v. Perotti*, 702 F. App'x 322, 323–24 (6th Cir. 2017)(noting that if the petitioner was challenging

3

his conviction, a sufficient case or controversy would exist despite his release from custody; since he only challenged the part of his sentence that had been completed, he needed to show "some other continuing adverse consequence"); *United States v. Goldberg*, 239 F. App'x 993, 993–94 (6th Cir. 2007) ("[D]efendant does not challenge his conviction . . . the only aspect of his sentence that defendant challenges is the imposition of a five month term of imprisonment. The five month sentence expired on or about January 1, 2007. Consequently, the matter is now moot."); *Arimont v. Adult Parole Auth.*, No. 1:19-CV-2584, 2021 WL 5496163, at *3 (N.D. Ohio Oct. 18, 2021), *report and recommendation adopted by* 2021 WL 5495081 (N.D. Ohio Nov. 23, 2021) (finding that where the petitioner did not challenge his conviction or display collateral consequences "stemming from his expired sentence" his habeas petition was moot); *Wershe v. Mackie*, No. 2:16-CV-14264, 2017 WL 4407738, at *5 (E.D. Mich. Oct. 4, 2017) (finding petitioner's third claim, which stated he had been wrongly denied parole, moot as he had since been released on parole) (citing *Spencer*, 523 U.S. at 7; *Lane*, 455 U.S. at 630–31); *Bollar v. Miller*, No. 4:09CV472, 2009 WL 5217098, at *6 (N.D. Ohio Dec. 30, 2009) (dismissing Ground One of the habeas petition as moot because the petitioner's sentence had fully expired, he had been released, and he showed no collateral consequences stemming from his sentence).

## B.    Pending Motions

Petitioner filed two motions reiterating his request for relief.  (ECF Docs. 21, 22.)   For the same reasons the Petition should be dismissed as moot, the undersigned recommends that the Court **DISMISS** Mr. Washington's two pending motions.

### III.     Recommendation

For the reasons stated above, the undersigned recommends that the Court **DISMISS** the Petition (ECF Doc. 1), the "Motion for Judgement and/or Motion for Direct Relief" (ECF Doc. 21), and the "Motion for Direct Judgment" (ECF Doc. 22) as moot.

DATE: December 16, 2024

  _/s/ Amanda M. Knapp_
AMANDA M. KNAPP
UNITED STATES MAGISTRATE JUDGE

### **OBJECTIONS**

 Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document.  Failure to file objections within the specified time may forfeit the right to appeal the District Court's order.  *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).